May it please the Court, Anne McClintock, Federal Defender's Office, on behalf of Mr. Womack, who is in custody. This is an anti-terrorism act case that meets another Santabello claim. And I think that we just need to go straight to the only reasoned decision that we have in the matter from the state courts, which is the Third District Court of Appeals opinion from December of 2004. That decision says, in pertinent part, that specific performance, by the way, I think we're all on the same page, that there's no dispute that there was a breach of the plea agreement. So we're trying, the real focus is on what remedy. And the Court of Appeals, excuse me, said that specific performance would improperly, quote, bind the trial judge to a disposition that he or she considers unsuitable under Penal Code Section 1170.15. Our position is that's an unreasonable factual finding because the trial judge at resentencing, and this was in March of 2004, I believe, did not say that a 10-year term was unreasonable or that a less term was unsuitable, but that the 12-year term that he imposed at resentencing, the 12-year term that he recognized directly breached the plea agreement, was required under 1170.15. Well, isn't that just effectively asking us to sit in direct review of the California Court of Appeals decision? I mean, we're not playing California Supreme Court on this question. We're not. So, I mean, to me, it's kind of interesting because you've got to back up and say, okay, is there any clearly established United States Supreme Court precedent on remedies for a breach of a plea agreement? And then go from there. And that's where I think the question gets tricky. If you look at it from that perspective, Sanibello is our clearly established Supreme Court precedent that doesn't talk about remedies. But, well, it talks about that the plea agreement has to have binding effect. And when you get into remedies, the misconception of both the Superior Court judge and the California Court of Appeals, they're slightly different. I think when you look at what the California court did at resentencing, the Superior Court judge, and this is the respondent's experts of records at SCR4, when they brought Mr. Womack back and the argument was had on what should happen as far as remedy, the district attorney's position was that this was always a 12 to 15-year sentence. And his arguments, and this is at page 8 and then continues on page 9, is that 1170 applies and it requires consecutive terms. That is a mistake of California law. There's nothing in 1170.15 that requires consecutive terms. We don't do remedies. But we can't revisit that issue. If the California state court said it's an illegal sentence, we're bound by that. Well, it didn't say that it's a legal sentence. What it said was that the district court, and again, go back to the language they used, that the trial judge felt that it would have been an unsuitable sentence. That's a factual finding. The last reason decision was which decision? That's what we review under AEDPA. So the last reason decision was the California Court of Appeal. Right. So what did the California Court of Appeal rule? The relevant part was that the specific formants would improperly bind the trial judge to a disposition that he or she considered unsuitable. And I'm saying that the sentence being illegal in the California Court of Appeal decision? There's nothing in it about it being unlegal. It says it's unsuitable under 1170.15. And what I think was unclear, what is clearly misunderstood by the trial judge, was that this attorney and the trial judge assumed that 1170.15 required consecutive sentences between counts one and two. What it requires is if the judge, under its discretion under Penal Code 669, imposed consecutive sentence, that the consecutive sentence on the dissuading witness had to be fully midterm consecutive. But can we go behind that ruling? I don't see how under AEDPA we can go behind the ruling of what is an appropriate sentence under state law. I'm not asking this court or the district court on remand to impose the sentence. What I would ask is that this court recognize that the Court of Appeal's opinion is an unreasonable factual finding that it found superior court under U.S. Supreme Court law? Yes. Why? That's the link I'm missing. Well, what Davis v. Woodford says that you look at, it's, if you, well, let me back up on Davis. That's a slightly different twist. If you look at the factual statements of why the trial judge imposed a 12-year term, and he says in particular that, and this is at pages 8 and again at page 10, the trial judge says, I think clearly the law provides for a full consecutive term. On the previous page he says he's operating the assumption that it wasn't, or a mistake before, that it wasn't a full consecutive term. So the trial judge's mistake of California law is that he was mandated to impose a consecutive full midterm. He was. So that's his misconception of California law. Right. Let's say that's a given, that he got California law just wrong as can be. Okay. Where has the U.S. Supreme Court said that even in this sort of peculiar area of breach plea agreements, that the remedy has to be specific performance rather than withdrawing the plea? Santabello says that it has to. Yes. Such that we then can get through that. Right. To the error that you're talking about. Well, I am not arguing that it has to be, that there's a constitutional requirement for specific performance versus something else. What Santabello says, and this is what's controlling, is that the plea is binding. The agreement is binding on both parties. And so if there is a legal way for California courts to impose a sentence that complies with that plea agreement, that's what's binding so that you don't have to get into the Buckley, Brown, and like cases of what do you do when the plea agreement is clearly contrary or not authorized, as the language we usually use, by state law. And I think what happens here is that the trial judge, by misunderstanding what his discretion was, he didn't exercise discretion. It would be a different matter and I would probably lose if the trial judge had said, I understand I have discretion to impose a consecutive or not consecutive term on the 1136, or the 136.1, the dissuading, and chose that under the facts of that case it required a consecutive term. He didn't understand that. He read 1170.15 as mandating a consecutive full term. That's how he got it. So he believed that he was forced to go to 12 years and forced to brief. Exactly. What is the holding you're asking us to make in this case? What I am asking as far as remedy is that you remand with directions to grant a writ with a condition that superior court resentence Mr. Womack with the understanding that 1170.15 does not mandate it to impose consecutive terms. Specific performance. That's another way of asking us to direct that the plea agreement be specifically enforced. Well, except for at that time, the superior court judge can then decide, given the facts of Mr. Womack's particular case and whatever performance, new information he may have based on his performance in prison, whether it is appropriate to give the specific performance under the plea or whether it's appropriate to stick with the sentence he imposed. Okay. You're still in the remedy. You're in the remedy ballpark then. You're asking us for a remedy, not for a determination as to whether or not there has been a breach of the plea agreement, because as you stated, everyone agrees that the plea agreement was reached. So you're in the remedy ballpark. So then you have to give us a Supreme Court case that is clearly established that in the facts of this case is entitled to the remedy you're seeking. The only case I had is Santabella, where it says that the binding agreement has to be fulfilled. It's a binding plea agreement. And it's not the two prongs. My argument is essentially that Davis talks in terms of a misunderstanding of state law is an unreasonable application of Santabella. It may surprise us, but that's what it holds. My argument is really a 2254D2 argument that this court of appeals decision is a fundamentally unreasonable factual finding about why the trial judge imposed the sentence he imposed. And if you look at what it said, that the trial judge found it unsuitable, that the consecutive sentence was suitable or that he didn't have authority under 1170.15, that that's inconsistent with what the trial judge did. And if you look at the transcript at the tab four, it's clear that he thought he had no authority. And I would like to reserve my remaining minute.  Thank you. Mr. Riley. Good morning. May it please the Court. Justin Riley on behalf of the Warden. I believe the issues are adequately addressed in my brief. I'd like to touch on just one small thing that opposing counsel brought up today, and that is that under D2 somehow the trial courts or state appellate courts' determination of California law is incorrect, and therefore that's an incorrect factual finding. That's at the very least a mixed question of law and fact, but I urge the Court not to interpret California law to find an incorrect factual finding. I would love to answer any other questions that the Court may have. What if the plea agreement, if it's been partially performed by one party, can that be rectified by having a new trial? The Warden's position is that not on federal habeas. Not in this context. If I understand the Court's question correctly, the Senate... Well, I'll put it more specifically. Okay. I think there are cases where the individual has testified for to help prosecute somebody else. Yes. They say partially performed. Yes. Here we've got somebody who served, what, about four years? I believe it was less than two. Eighteen months, if I recall correctly. Oh, okay. So he performed part of it, and the government has not performed because if the plea agreement was wrong... Yes. He spent 18 months in jail. How does a new trial help him? If he's acquitted, he still has that 18 months he's had to serve. I believe that is rather speculative. He was facing 75 years to life, so if he went to trial, he could have gotten that as well. But I believe that the trial court successfully got the parties back to the status quo ante because he would... Status quo ante. For the breach. Except for the fact that he served 18 months. That's true, but he would have gotten those credits toward another sentence and did get that time credit. What if he's acquitted? He served 18 months. That's true. Okay. Anything else? I believe, though, that the Supreme Court has specifically left remedy to the discretion of the trial court, and so that ends habeas review here. Unless there are any other questions, I'm prepared to submit it. Thank you. I don't think so. Thank you, Mr. Riley. Ms. McClintock. The only thing that I would add to some of the comments Judge Hudd gave regarding the consequence to him is that he could not go back to status quo ante, because when this case was being negotiated during the year that he spent in county jail, the district attorney's view was that 10 years was an acceptable sentence. Now, that view may have been premised on a misunderstanding of what the sentencing law would require or may not have been, and he gave up not only his right to a speedy trial, he gave up all sorts of other rights. He had a victim that was recanting as far as or not recanting but not wanting him to go to prison. There are all sorts of things that could have happened that when they went back for resentencing, the district attorney has now unilaterally changed his perspective. He's reneged on the plea essentially by saying this is really, I've always viewed it as a 12 to 15. Does Santabella discuss or concern with the situation where the person has already served part of the sentence? I think that was the situation in Santabella, but it does not discuss that in terms. It's a well before anti-terrorism act case. It leaves open the question of remedy in deference to the state courts, but it doesn't address whether there's not subsequent opinion in the case on whether the state court got it wrong or not or whether that created an additional constitutional problem. So in Santabella, they did address the situation where part of the sentence has been served, right? I don't remember it specifically, but I think it involved a murder or attempted murder, so I'm presuming that the person was in custody during the proceedings, but I don't know that. I'd have to look back at it. So we don't know then whether it was partially served or not? I don't have a memory. It's pretty important because if it's required to go back to the status quo ante, it does seem to me it's a strange thing because you can't really bring it back to the status quo ante if a person has served part of the term. I don't know if the Supreme Court has addressed that. They sent it back to the state. They did, and I don't think that they focused on who made the decision as decisive as to what was going to happen from a constitutional perspective, and I realize my time is up, but I don't think it's different in this case. I think it's really a 2254D2 question, but under Davis and Buckley and those other cases, that they would have application if you decide that there's a conflict between the sentence imposed and state law. Counsel, for the record, in Santabello, the prisoner was on bail. That's at page 260. Oh, thank you, Your Honor. So how does that affect your argument? I think it still fits into the rights that he gave up to a speedy trial, and I don't know. I mean, those kind of more generic concerns that people have can cut both ways, so I think that's why in this case it is most appropriate to send the grant conditional habeas relief and send it back to the superior court judge to decide what he's going to do, and at that point, with a full understanding and correct understanding of what his discretion is under state law, and at that point, Mr. Womack can decide whether, given what's going on with the discussions before the sentencing hearing, whether he wants to withdraw his plea. The one thing, this is kind of a side point that I would disagree with based on correspondence I've had with Mr. Womack, is when he stuck by his plea in March of 2004, he didn't know what he was there for. He hadn't been given the CDC letter until after the hearing happened. I realize that's not on the record, but I think there's some open question about what his decision-making was at that point as well. If he were sent back to the superior court and they could, even though he served part of his term, they still could not enforce the plea agreement? I think that the state court can lawfully impose under state law anywhere from a 4- to 10-year sentence that's consistent with the plea agreement. I think if the state court feels that it needs to stick with the 12-year sentence, that he should really be advised that with counsel and decide. You're not addressing my question. I'm sorry. I misunderstood that. When he goes back, is it required that he be brought to the status quo ante, that is, because he served part of his sentence? So would the superior court be able to, under your view, not enforce specific performance? No. I think because there is a lawful way under state law and because of the factual errors by the Court of Appeals, that I think the trial court is required to honor the plea agreement, and that can be done by low, mid, or high term on the first count, doubled, and then run concurrently or consecutively with the second count, if consecutive it would have to be a low term in order to avoid asking for specific performance. In other words, you want a sentence that's 4- to 8-years. It can go up to 10, I think. All right. I didn't think up to 10 years. I think if they did high end on the first count, doubled would be 4, would be 8. No, wait. How did it go? It went on the first count. I think there was a way to do full consecutive on the second would give you 6, and low end on the first count doubled would be 4, and so that could get up to 10, which would be consistent with the plea agreement. But just specific performance, actually. Sure. I think that's what Santabella calls for is a binding agreement. Santabella calls for the case to be remanded to the state court. It specifically says that it's a matter of state law to determine what the remedy is. Did not dictate specific performance as the remedy. I don't think that Santabella's holding is that it has to go back to state court for them to decide. I think that's what they did in A.C. Precisely. That's precisely the holding of Santabella. Well, I disagree.  Read me the language that's the holding of the case, then. I think the holding is the paragraph before. This is at page 262. The prosecutor. Nevertheless, we conclude, sounds like a holding, that the interest of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will best be served by remanding the case to the state courts for further consideration. The ultimate relief to which petitioner is entitled, we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case require only that there be a specific performance of the agreement on the plea, or whether the opportunity to withdraw the plea of guilty. I think that's what happened. But I think the holding, the real holding is that when a plea agreement is induced by the prosecution, that it has, it's a binding agreement. You didn't show me that language. But I understand your argument. I trust it's in there. Thank you. Okay. Thank you, counsel, for your argument. The matter just argued will be submitted in the next argument. The next case on the argument calendar is EEOC Tamayo v. Harris Farms. Thank you.
judges: Hug, Rymer, Rawlinson